# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARTIS EUGENE SLADE,          )
                           )
          Petitioner,      )
                           )        **1:10CV574**
       v.                  )        **1:07CR324-1**
                           )
UNITED STATES OF AMERICA,    )
                           )
        Respondent.     )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Artis Eugene Slade, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as two amended motions. (Docket Nos. 52, 59, 63.)[1] Petitioner was indicted on one count of possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g) and 924(e). (Docket No. 1.) Petitioner later pled guilty to possessing firearms in furtherance of a drug trafficking crime. (Docket Nos. 17, 18.) Five days later, he filed a motion to withdraw that plea, which was subsequently denied. (Docket No. 19; Oral Order on 12/13/2007.) After a change in defense counsel, Petitioner filed a

---

[1] This and all further cites to the record are to the criminal case.

second motion to withdraw his plea in which he claimed that he did not know the maximum penalties for his conviction at the time of his guilty plea. (Docket No. 31.) At a hearing on that motion, Petitioner decided to withdraw his motion and proceed with his guilty plea. A second Rule 11 colloquy was conducted to ensure that Petitioner understood the maximum penalties and that his plea was knowing and voluntary. (*See* Minute Entry 11/12/2008; Docket No. 44.) Petitioner was subsequently sentenced to 292 months of imprisonment as a career offender under the United States Sentencing Guidelines (USSG). (Docket No. 37.)

Petitioner did pursue a direct appeal, but his conviction and sentence were affirmed. (Docket Nos. 47, 48.) He then brought his current motion under § 2255 in which he raised a single claim for relief alleging that the government breached the plea agreement. (Docket No. 52.) After the government responded to that motion (Docket No. 55), Petitioner filed an amended motion which added a new claim for relief alleging that he was improperly classified as a career offender. (Docket No. 59.) The government also responded to the amended motion. (Docket No. 60.) Finally, Petitioner filed a second amended motion which adds a new argument in support of his contention that he was improperly classified as a career offender. (Docket No. 63.) Respondent has not filed a response, but none is necessary because Petitioner's second amended motion can be decided based on the facts and arguments already in the record. Petitioner's original and amended motions are now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Discussion

## Original Motion

Petitioner's original claim, that the government breached his plea agreement, is refuted by the clear record in the case. Petitioner's contentions, as explained in his brief supporting his § 2255 motion, are that the government breached the plea agreement and/or that the plea agreement was ambiguous because Petitioner "was incorrectly sentenced as a career offender to 292 months of imprisonment, instead of the 60 [month] mandatory minium [sic] for a violation of [§] 924(c)(1) which was the basis of the plea agreement." (Docket No. 53 at 1.) He later adds that his plea agreement was breached because the government agreed not to prosecute him as an armed career criminal, but then argued to have him sentenced as a career offender. Petitioner cites to paragraphs 2(a) and 5(a) of the plea agreement as supporting his claim.

The plea agreement does not support Petitioner's claims. Paragraph 2(a) states only that a mandatory minimum sentence of five years applies to Petitioner's count of conviction. It does not limit his sentence to five years, promise a five-year sentence, or speak to his maximum possible sentence at all. (Docket No. 17.) To any extent that Petitioner might have ever had any confusion on this point or a lack of knowledge of the maximum sentence that he faced, this was cleared up at the hearing on his second motion to withdraw his guilty plea. He was specifically told that he faced a maximum sentence of life imprisonment, he acknowledged this fact, and he chose to withdraw his motion and proceed under the plea

agreement. (Docket No. 44 at 19-21.) His plea agreement did not promise a five-year sentence and he knew this at that time. No possible breach occurred.

Paragraph 5(a) promises only that the government would not oppose the dismissal of the counts in the indictment to which Plaintiff was not pleading guilty. (Docket No. 17.) In fact, those claims were dismissed. (Docket No. 37.) Therefore, the promise was kept. Petitioner maintains that one of those counts, the charge for possessing a firearm after a felony conviction, prosecuted him as an armed career criminal, that the promise to allow it to be dismissed amounted to a promise not to have him sentenced as an armed career criminal, and that his eventual sentence as a career offender violated that promise. Petitioner is incorrect. The armed career criminal enhancement and the career offender enhancement are somewhat similar, but entirely separate, sentencing enhancements. To the extent that the plea agreement could be construed to say anything regarding an armed career criminal prosecution, the promise was kept because Petitioner was not sentenced as an armed career criminal. The plea agreement does not promise that Petitioner would not be sentenced as a career offender. Further, at the hearing on his second motion to withdraw his guilty plea, it was openly discussed that the government was arguing that Petitioner should be sentenced as a career offender and that there was a possibility that this would occur. The presiding judge warned Petitioner that he should not continue with his guilty plea based on the hope that his arguments against the enhancement would eventually prevail. Petitioner was fully aware of the situation and chose to proceed under the plea agreement anyway. (Docket No.

44 at 19-21, 24-27.) Again, no breach of the plea agreement occurred. Petitioner's original claim should be denied.

## Amended Motions

As stated above, Petitioner contends in his amended § 2255 motions that he was improperly classified as a career offender. He is again incorrect. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence" and "controlled substance offense" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

Petitioner states that he had three prior felonies that could potentially count as the necessary predicate offenses for his career offender enhancement: a conviction on August 8, 1990, for felony possession with intent to sell or deliver cocaine, a conviction on November 9, 1998, for felony possession with intent to sell or deliver marijuana, and a January 3, 2003 conviction for felony possession with intent to sell or deliver marijuana.

(Docket No. 59 at 5; Docket No. 62 at 4-5.) He raises arguments as to all three prior convictions.

In Petitioner's first amended motion, he contends that the 1990 conviction was too old to be counted as a predicate offense. The government has not addressed this offense or Petitioner's argument. Further, if the later offenses are valid predicates, the 1990 offense is irrelevant given that Petitioner would already have the two necessary predicate offenses for the career offender enhancement to apply. Therefore, the Court will discuss only the later offenses.

Petitioner's argument against the 1998 offense, as raised in his first amended motion, is that he was not convicted for felony possession with intent to distribute marijuana, but that the charge was instead dismissed as part of a plea agreement. He has attached a copy of the state court transcript of plea in the matter to support his claim. Unfortunately for Petitioner, the document does not support his claim, but instead defeats it. It plainly shows that Petitioner had several pending offenses, that he pled guilty to some, and that others were dismissed. (Docket No. 59, Ex. A.) The felony possession with intent to sell or deliver charge was one to which he pled guilty, not one which was dismissed. This is also reflected in the state court judgment, which Respondent has attached to its response. (Docket No. 60, Ex. A.) Petitioner has simply misread the state court documents. This claim should be denied.

Finally, in his second amended motion, Petitioner argues that his January 3, 2003 conviction for felony possession with intent to sell or deliver marijuana should not be counted as a predicate offense because he received a 14-month suspended sentence and never served any prison time for the conviction. He claims that the conviction should not be counted under USSG § 4A1.2(e). The problem for Petitioner is that § 4A1.2(e) is a provision setting time limits under which older offenses are counted or not counted, partly based on the amount of prison time received. There is no time issue regarding Petitioner's 2003 conviction. Further, that conviction would be countable under § 4A1.2(a)(3) and (c). Section 4A1.2(a)(3) states that suspended sentences are counted under subsection (c). Subsection (c) states explicitly that "[s]entences for all felony offenses are counted." This means that Petitioner's 2003 felony conviction is countable under both § 4A1.2 and § 4B1.1. The fact that he received a suspended sentence changes nothing. This claim also fails and Petitioner's § 2255 motion, as amended, should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 52), as well as his first and second amended motions to vacate, set aside or correct sentence (Docket Nos. 59, 63), be denied and that this action be dismissed.

_/s/ P. Trevor Sharp_
United States Magistrate Judge

Date: June 2, 2011