IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ARTIS EUGENE SLADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV98 |
| v. ) | 1:07CR324-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Artis Eugene Slade, a federal prisoner, brings what the Court treated as a Motion [Doc. #75] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which Respondent opposes with a Motion to Dismiss [Doc. #80]. Petitioner pled guilty to one count of possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and subsequently received 292 months of imprisonment as a career offender under USSG § 4B1.1. Petitioner asserts that his sentence is not valid because, under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he is no longer properly classified as a career offender.

The Government contends in its Motion to Dismiss that the Court lacks jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received authorization from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). Notwithstanding

this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Petitioner asks that his claims be considered under § 2241. It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). In the present case, Petitioner's claim fails in any event because Petitioner's claim is not cognizable on collateral review. In United States v. Foote, the United States Court of Appeals for the Fourth Circuit addressed the question of whether a career offender challenge was cognizable on collateral review, and held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. United States v. Foote, 784 F.3d 931, 943 (4th Cir. 2015), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015) (concluding that the petitioner's erroneous "career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."). Likewise, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding.[1]

---

[1] The Government also contends that Petitioner's claim is barred by the applicable statute of limitations. These arguments would also defeat Petitioner's § 2255 Motion. Whiteside v. United States, 775 F.3d 180, 187 (4th Cir. 2014) (en banc) (holding that Simmons did not create an exception to the applicable statute of limitations).

2

Petitioner also recently filed a Motion [Doc. #100] seeking to supplement his § 2255 Motion to add an argument under Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). The Court will allow the supplementation and consider the argument, but the outcome discussed above does not change. In Johnson, the Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e) is unconstitutionally vague. That residual clause provides that for purposes of the Armed Career Criminal Act, a "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Similar language is used in U.S. Sentencing Guideline § 4B1.2 to define a "crime of violence" for the purpose of the career offender enhancement. However, even if a Johnson-related challenge to a career offender enhancement could be raised in a § 2255 proceeding, the Court notes that in the present case, Petitioner's predicate offenses were controlled substance offenses. Neither of these predicate offenses would be affected by Johnson, since Johnson does not relate to drug offenses. Thus, it does not appear that Johnson would affect the determination in Petitioner's case, even if his claims are considered on the merits. Therefore, there is no basis to stay this matter or require further briefing on this point, and Petitioner's § 2255 Motion, as supplemented, should be denied.

The Court previously entered an Order [Doc. #93] holding this matter in abeyance while Foote was pending. However, that stay should now be lifted and Petitioner's Motion should be dismissed.

IT IS THEREFORE ORDERED that Petitioner's Motion [Doc. #100] seeking to supplement his § 2255 Motion is granted to the extent Petitioner's additional contentions have been considered.

IT IS RECOMMENDED that the previous stay based on <u>Foote</u> be lifted, that Respondent's Motion to Dismiss [Doc. #80] be granted, that Petitioner's Motion [Doc. #75] to vacate, set aside or correct sentence be dismissed, and that this action be dismissed.

This, the 28th day of June, 2016.

          /s/ Joi Elizabeth Peake
United States Magistrate Judge