IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 1:07-CR-324-1 |
| ARTIS EUGENE SLADE, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion to Reduce Sentence re Compassionate Release. (ECF No. 139.) The Government filed its Response opposing Defendant's motion to reduce sentence. (ECF No. 146.) Defendant filed a Reply, (ECF No. 148), as well as two Supplements to the Reply. (ECF Nos. 149, 150.) Subsequently, Notices of Appearance were filed by attorneys on Defendant's behalf. (ECF Nos. 151, 153.) With leave of Court, counsel filed a Supplemental Memorandum in support of the Motion to Reduce Sentence. (ECF No. 158.) For the reasons discussed below, Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 139), will be granted.

I. BACKGROUND

On November 9, 2007, Defendant pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 20 at 11.) Defendant was determined to be a career offender in accordance with U.S.S.G. §

4B1.1. (ECF No. 45 at 48, 50; ECF No. 109, ¶ 14.) Based on his career offender status and with a reduction for acceptance of responsibility, Defendant's sentencing guideline range was 292 to 360 months' imprisonment. (ECF No. 45 at 50-51.) He was sentenced to 292 months' imprisonment. (*Id.* at 59.) Defendant is 52 years old with a projected release date of September 7, 2028.[1]

Defendant argues he should be granted compassionate release because one of the convictions relied upon to support his career offender enhancement would no longer qualify as a predicate offense. He asserts that without that offense he would not be considered a career offender, and his minimum sentencing exposure would be reduced to 60-months' imprisonment. (ECF No. 158 at 10-12.) He contends that this change is an extraordinary and compelling reason to support a sentence reduction. He also argues a consideration of the 18 U.S.C. § 3553(a) factors support a reduction in sentence. (*Id.* at 15-17.)

The Government construes Defendant's argument as an attack on the validity of his sentence and contends the issue is not properly before the Court in a motion under 18 U.S.C. § 3582. (ECF No. 146 at 4-8.) The Government also argues in summary fashion that a consideration of the § 3553(a) factors weigh against any reduction in sentence. (*Id.* at 8.) The Government assert that "the circumstances of the offense, the need to promote respect for the law, and the need for the sentence to reflect the seriousness of the offense and provide general deterrence" weigh against granting a reduction. (*Id.*)

## II. DISCUSSION

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Apr. 17, 2025) (enter "23855-057" in BOP Register Number field).

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant satisfied the exhaustion requirement by filing a request for compassionate release with the Bureau of Prisons on or before May 31, 2022, more than thirty days before he filed the instant motion. (ECF No. 139 at 3.) The Court will, therefore, proceed to the merits of Defendant's motion.

    **A.**    **Extraordinary and Compelling Reasons**

Defendant argues that he can show a change in the law that amounts to an extraordinary and compelling circumstance. He contends that if sentenced today he would not qualify as a career offender and would be eligible for a minimum sentence of 60 months' imprisonment, rather than the 292-month minimum term he faced when sentenced. The Government's response does not address Defendant's assertion that he would no longer qualify as a career offender. Instead, the Government contends the issue is not properly before the Court in a motion for compassionate release under 18 U.S.C. § 3582. Relying on

*United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), the Government asserts that Defendant's argument attacks the validity of his sentence and should have been raised pursuant to 28 U.S.C. § 2255.[2]

At the time the Government filed its response, it did not have the benefit of the Fourth Circuit's ruling in *United States v. Davis*, 99 F.th 647, 657 (4th Cir. 2024). In *Davis*, the court addressed a defendant's argument advocating for a reduction in sentence based on an intervening change in the law that would impact the defendant's status as a career offender. *Id.* at 657. The Fourth Circuit held that such an argument was not an attack on the validity of the sentence, but an argument for compassionate release and appropriately raised under § 3582. (*Id.*) Likewise, in the instant case, Defendant Slade does not attack his sentence as illegal but argues there has been an intervening change in the law that supports granting compassionate release. Accordingly, Defendant's argument is properly before the Court.

The Sentencing Commission policy guidelines specify that a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

---

[2] In *Ferguson*, the Fourth Circuit ruled that § 3582(c)(1)(a) cannot be used to attack the validity of a sentence or conviction because such claims must be raised under § 2255. *Ferguson*, 55 F.4th at 270. The defendant in *Ferguson* argued for compassionate release attacking the indictment as deficient and relied on other alleged errors at the time of conviction and sentencing. In contrast, Defendant Slade argues there has been a change in the law that creates a disparity in his sentence and the length of sentence he would receive if sentenced today and argues for compassionate release on that basis. (Docket Entry 158 at 11-12.)

U.S.S.G. § 1B1.13(b)(6). The Fourth Circuit has recognized a non-retroactive change in the law may be an extraordinary and compelling reason to support a modification of sentence. *Davis*, 99 F. 4th at 657-58; *United States v. McCoy*, 981 F.3d 271, 285-86 (4th Cir. 2020).

In making his argument, Defendant relies upon *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), which was decided after his sentencing. In *Simmons*, the Fourth Circuit held that in evaluating whether an offense qualifies as a predicate felony conviction, a court must consider the defendant's particular circumstances, not a hypothetical worst offender. 649 F.3d at 244-45. *Simmons* "requires the court to look at how much prison time the defendant was exposed to give his own criminal history at the time he was sentenced and any aggravating factors that were actually alleged against him." *Miller v. United States*, 735 F. 3d 141, 146 (4th Cir. 2013).

The presentence report relied on Defendant's 1998 and 2003 convictions for felony possession with intent to sell and deliver marijuana (98CRS 3889 and 03 CRS 50087) to support his career offender status under U.S.S.G. § 4B1.1(c). (ECF No. 109, ¶ 14.) Defendant asserts that his 1998 conviction for felony possession with intent to sell and deliver marijuana was punishable by a maximum of 12 months. Defendant argues because he could not have been sentenced to more than 12 months, the conviction would not qualify as a predicate offense under § 4B1.1. (ECF No. 158 at 11-12.)

The Sentencing Guidelines provide:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

5

U.S.S.G. § 4B1.1(a).³  Section 4B1.2 provides the definitions applicable to § 4B1.1 and states that "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year . . ."  U.S.S.G. § 4B1.2.

Defendant is correct that his 1998 conviction, which was a Class I offense with level IV punishment, was not punishable by more than 12 months and would no longer qualify as a predicate offense under § 4B1.1.  (*See* ECF No. 159 at 2.)  Without that offense he would not be considered a career offender and Defendant's minimum sentencing exposure would be reduced from 292 months' imprisonment to 60 months' imprisonment.  (ECF No. 109, ¶ 54; ECF No. 159 at 2.)  Therefore, Defendant has shown both an unusually long sentence and a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law.  Moreover, Defendant has served more than 17 years of his sentence.  (ECF No. 37 at 2; ECF No. 8 at 1.)  Consequently, the Court finds Defendant has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

**B.    3553(a) Factors**

Having found an extraordinary and compelling reason, the Court must still consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing.  18 U.S.C. § 3553(a).  In making this analysis, the Court weighs a number of factors to include: the nature of the offense; the defendant's personal history; the

---

³ The 2008 edition of the Guideline Manual was used in Defendant's case.  (ECF No. 109, ¶ 13.)

sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See id.* A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d).

The Court recognizes the seriousness of the Defendant's behavior underlying his conviction. The factual basis indicates he possessed as many as eight weapons in support of his drug trade and he knowingly obtained stolen guns. (ECF No. 18 at 1.) The facts also indicate he implicated his brother who was unaware his home was being used to store drugs and weapons. (*Id.* at 2.) And while Defendant no longer qualifies as a career offender, he has multiple prior felony convictions. (ECF No. 109 at 6-13.)

However, the Court finds that a consideration of the § 3553(a) factors overall weighs in favor of a reduction. While Defendant's criminal behavior is serious his offenses did not involve any violence or physical harm to others. Moreover, Defendant's post-conviction behavior weighs in his favor. Defendant has expressed regret for his actions and expressed a desire to change. (ECF No. 45 at 38-40, 58-59.) His behavior in prison demonstrates his commitment to doing so. Defendant has only had three infractions during his more than 17 years in prison, one of which occurred more than 14 years ago. (ECF no. 158 at 4.) He has not had any infractions in the last four years. (*Id.*) He has maintained a consistent work record with UNICOR for over 13 years. (ECF No. 158 at 13.)

7

Furthermore, the many years he has spent in prison have provided adequate time to address the goal of rehabilitation. Defendant has completed at least 57 educational and self-improvement classes. (ECF No. 139 at 4-5, ECF No. 158 at 4.) He has gained certifications in forklift operation as well in the areas of food service and hospitality that will help him find employment upon release. (ECF No. 139 at 4-5; ECF No. 158 at 4.) Defendant, who admitted to almost daily use of marijuana prior to his arrest, (ECF No. 109, ¶ 42), completed a drug education program. (ECF No. 139 at 5.)

Defendant has also presented a release plan that the Court believes will help him to succeed outside of prison. Defendant has a large family who indicate they are ready to support him during his transition. (ECF No. 158 at 14.) Defendant plans to reside with his sister who is a church pastor. (*Id.*) Both his brother and brother-in-law indicate they will help Defendant find employment and support him including by providing transportation to work. (*Id.*) Defendant is 52 years old, an age at which the risk of recidivism significantly declines. *See United States v. Howard*, 773 F.3d 519, 533 (4th Cir. 2014) ("risk of recidivism is inversely related to an inmate's age.") Moreover, Defendant will be on supervised release for five years, (ECF No. 37 at 3), which should allow any problematic behavior to be identified expeditiously.

Finally, the Court considers the extreme disparity between Defendant's sentence and the sentence a similarly situated defendant would receive today. *See* 18 U.S.C. § 3553(a)(6). As the Court discussed above, if sentenced now for the same offense Defendant's mandatory minimum sentence would be 60 months' imprisonment, more than 19 years shorter than the mandatory minimum used to calculate his sentence. Defendant was sentenced to over 24 years in prison for a single conviction of possession of a firearm in

furtherance of a drug trafficking crime based on a career offender enhancement that would not be applied under the current law. His 292-month sentence is more than four times the length of the minimum sentence he would face today.

Accordingly, after an individualized consideration of the § 3553 factors, the Court finds a reduction in sentence is appropriate. With the goal of a sentence "sufficient, but not greater than necessary" the Court in its discretion will reduce the Defendant's sentence to time-served.

For the reasons stated above, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence re Compassionate Release, (ECF No. 139), is **GRANTED,** and Defendant's sentence will be **REDUCED TO TIME-SERVED**. Defendant's supervised release and all conditions of his sentence beyond the length of his imprisonment remain as previously ordered. Execution of this Order is **STAYED** for 14 days from the date of the Order to allow the Bureau of Prisons and Probation Office time to make appropriate arrangements for his release.

This, the 28th day of April 2025.

/s/ Loretta C. Biggs
Senior United States District Judge